

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | **WILLIAM T. HART** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4624 | **DATE** | AUG. 7, 2003 |
| **CASE TITLE** | STEPHEN H. GLAGOLA, etc. v. DIANE LYNNE GLAGOLA, etc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Clerk of the Court is directed to dismiss this action without prejudice for lack of subject matter jurisdiction. Within 10 days from the date of today's order, Stephen Glagola shall either pay the $150.00 filing fee that is required by statute or file an application to proceed in forma pauperis.
(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 8 2003 date docketed | |
| | Notified counsel by telephone. | | | 4 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 8/7/2003 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| cw | courtroom deputy's initials | | MQM mailing initials | |

DOCKETED
AUG - 8 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHEN H. GLAGOLA, etc., )
                                 )
               Petitioner, )
                                 )
    v.                           )    No. 03 C 4624
                                 )
DIANE LYNNE GLAGOLA, etc., et al., )
                                 )
               Respondents. )

## MEMORANDUM OPINION AND ORDER

On July 3, 2003, pro se litigant Stephen Glagola, whom will be referred to as "Petitioner," initiated these proceedings by filing a pleading that he entitled "Petition for Removal and Application of Privilege of the Writ of Habeas Corpus Cum Causa, Ad Subjiciendum, and Ad Testificandum" (hereinafter the "Petition").[1] Petitioner captioned his Petition as follows:

> United States of America ex rel. IN RE STEPHEN H.
> GLAGOLA, individually, Next Friend, and on behalf
> of his SONS and FAMILY and all others similarly
> situated,
>                               PETITIONER(S),
>
> vs.
>
> DIANE LYNNE GLAGOLA, individually, and all others
> arbitrarily usurping State power and authority,
> or preempting Federal Standards, causing

---

[1] Prior to 1988 amendments to the removal statute, removal was by petition. The statute presently provides that removal is accomplished by filing a notice of removal. 28 U.S.C. § 1446(a). The form and style of the document will not affect today's ruling. The Petition is treated as being a notice of removal.



wrongfully restraint of Petitioner(s) natural,
fundamental, and lawful Custody, Visitation, and
Parenting Rights, and Familial Liberties,
                    RESPONDENT(S).

The caption indicates that Petitioner is "Removing Circuit Court of Cook County, Illinois County Division Case No. 96 D 5541 & 02602508301." Petitioner does not provide copies of any of the pleadings in those cases and the Petition does not describe the cases. On July 30, 2003, Petitioner filed a document entitled "Preliminary Declaration--Affidavit" (hereinafter the "Declaration"). In the Declaration, Petitioner refers to 96 D 5541 as "the alleged civil action of post-decree Domestic Relations actions." In open court on that date, he stated that 96 D 5541 is a divorce action that was initiated by his ex-wife Diane Glagola and in which he is the defendant. Petitioner admitted that it was filed in 1996, but also indicated there are post-decree proceedings regarding custody and/or other matters. In the Declaration, he states that he has filed approximately 40 pleadings in 96 D 5541 that the court refuses to hear or rule upon.

In the Declaration, Case 02602508301 is described as "involv[ing] an alleged violation of an arbitrary *ex parte* Civil Court Plenary Order of Protection, which again, was entered: without proper notice; without affording my right to counsel; and without affording me a fair opportunity to litigate my defense, or rulings on my objections. Transcripts will show that said Order was entered as a result of an arbitrarily rendered 'Civil

Contempt.'" He further describes his conduct violating the Order of Protection as follows:

> The alleged violation involves an occurrence of accidentally seeing my oldest son, while verifying residence to a process server, and impulsively saying "I love you." Apparently, in the State of Illinois, it is a crime for a lawful physical custodial parent, to naturally say, "I love you," when unreasonably coerced under arbitrary ambiguous ordered conditions "to stay away." Further, I question the legality of the State knowingly and willingly placing "Orders of Protection" against a "lawful guardian to his children" without a physical showing of abuse, neglect, harm, or danger. In my case, there wasn't even a claim of such.

The Declaration further states that Petitioner was found guilty and sentenced to five days' "labor"[2] in the State of Illinois, six months' conditional discharge, and a $110.00 fine. Apparently, Petitioner has not yet served the sentence.[3]

The Petition alleges that jurisdiction is "conferred by" 28 U.S.C. § 1446(e). In his Declaration, Petitioner contends 28 U.S.C. § 2243 "provides issuance of the Writ to the State to Show just Cause for the Restraint of Liberty."

Petitioner did not pay the required filing fee when filing the Petition. He indicates that he is indigent, but has not formally moved to proceed in forma pauperis, nor has he

---

[2]This may be a reference to a community service type sentence.

[3]The Declaration also indicates that a criminal proceeding for child abduction was initiated against Petitioner and that, following a bench trial, he was found not guilty. The child abduction charges apparently are distinct and completed proceedings that Petitioner is not attempting to remove.

provided a financial affidavit. At least initially, Petitioner did not provide notice of the initiation of this action to any of the parties involved in the state proceedings nor did he file it with the clerk of the Circuit Court of Cook County. See 28 U.S.C. § 1446(d). On July 30, 2003, Petitioner filed a document entitled "Legal Notice and Organic Demand Securing Privilege of Writ of Habeas Corpus to Redress Being Falsely Accused and Held Under Arbitrary State Imposed Wrongful and Lawless Restraints of Free Exercise and Seizure" which indicates he gave notice to various parties directly or indirectly involved in the state cases. However, the date on which he served notice is left blank, so it is unclear whether notice has been served and he also does not specifically identify which documents were served, so it is unclear if the Petition itself has been served on the other parties. To the extent notice has been served, it is also unclear whether it has been appropriately served with the Clerk of the Circuit Court of Cook County.[4] Additionally, Petitioner has indicated that he does not believe customary notice should be provided to the opposing parties out of fear that they would use the advance notice to hide away the children.

Pro se Petitioner apparently has acted under the mistaken belief that legal documents must be filled with legal jargon.

---

[4]The service list includes four judges in the Domestics Relations Division of the Circuit Court of Cook County and four judges in the Criminal Division of the Circuit Court of Cook County. The service list does not include the Clerk of the Court and the Legal Notice does not refer to the state court case captions or numbers.

His frequent, and generally inappropriate, invocation of actual or purported legal terms makes it difficult to follow his presentation. However, the essential allegations appear to be that Petitioner's wife initiated divorce proceedings and a divorce was granted with Petitioner having some form of custody or visitation rights regarding his sons. In post-decree proceedings, Petitioner's right to visit his sons was removed. Petitioner contends that such orders were obtained without following proper procedures and had no proper basis in fact or law.

Under Illinois law, an order of protection may be obtained either in conjunction with another civil case (including a divorce action) or as an independent civil petition. See 750 ILCS 60/202(a). By whichever procedure, an order of protection was entered apparently forbidding Petitioner from being near his sons and, perhaps, his ex-wife as well. Illinois law further provides that it is a criminal offense to violate an order of protection. 720 ILCS 5/12-30; People v. Peterson, 336 Ill. App. 3d 628, 783 N.E.2d 1067, 1070 (5th Dist.), appeal denied, 204 Ill. 2d 677, ___ N.E.2d ___ (June 4, 2003). Apparently in a criminal proceeding separate from the divorce proceeding, Petitioner was found guilty of violating the order of protection. It also appears that Petitioner has not yet served the sentence, which does not include any term of custody.

In his Declaration, Petitioner indicates he would like to amend his pleadings or file a separate lawsuit bringing other claims:

> If the court allows, I would like to file a lawsuit or lawsuits to accompany my Habeas Corpus Application as an amended and all-encompassing pleading. I believe such causes of action would arise under the "Parental Kidnaping Prevention Act of 1980," "Civil Rights Act of 1964," "Uniform Fraudulent Conveyance Act of 1984," "The Supremacy Clause," and other Acts of Congress, and applicable amendments.
> * * *
> I also respectfully request this Honorable Court to consider amending my Petition and Application as <u>Ex Parte</u> and utilize Supreme Court Rule 29, which declares the U.S. Postmark of June 30, 2003, as the file stamped received date.
> * * *
> And last, I believe that 28 USCS § 2283 provides a Stay on all State Court Proceedings, and 28 USCS § 2243 provides issuance of the Writ to the State to Show just Cause for the Restraint of Liberty. If this is true, I respectfully request this Honorable Court to enter the applicable injunctive relief, and such injunction should place a Stay on State Proceedings beginning on June 30, 2003, to effectively Stay the Execution of the unreasonable Criminal Conviction and Sentencing. Also, I respectfully request this Honorable Court to enter the Issuance of the Writ, to have the State show cause, of clear and convincing evidence. Also, I request the issuance of the writ to subject my children to the Court as the injured parties, for inspection and testimony of the cause, of imminent harm or danger, keeping in mind the sensitive and delicate issues concerning safety of my children.

The removal statute provides that, when a criminal prosecution is removed, the court is to independently examine the notice of removal and summarily remand the case if the removal was improper. 28 U.S.C. § 1446(c)(4); <u>Korea Exchange Bank, New</u>

York Branch v. Trackwise Sales Corp., 66 F.3d 46, 51 (3d Cir. 1995); Suhy v. People of Wisconsin, 853 F. Supp. 1102, 1102-03 (E.D. Wis. 1994). Also, as with any case that lacks subject matter jurisdiction, the court may act on its own to remand a civil case that was not properly removable because it lacked subject matter jurisdiction. 28 U.S.C. § 1447(c); Roscor Corp. v. Itelco USA, Inc., 237 F. Supp. 2d 883, 884 (N.D. Ill. 2002).

Initially, it is noted that Petitioner did not comply with § 1446(a) because he failed to provide a statement adequately showing the grounds for removal and also failed to provide a copy of the state court pleadings. However, the failure to make adequate jurisdictional allegations or provide copies of the pleadings are themselves nonjurisdictional defects that may ordinarily be corrected to avoid dismissal. See Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3733-34 (3d ed. 1998). When a criminal case is removed, though, the ability to amend is more limited absent good cause being shown. 28 U.S.C. § 1446(c)(2). In any event, the allegations, even construed liberally as should be done for a pro se litigant, do not support that the removal was proper or that the court has jurisdiction.

There is also a procedural problem with this case in that Petitioner apparently has not yet effectively removed either of the state court cases. A removal is not effective until three procedural steps are accomplished: (1) the notice of removal is

filed in federal court; (2) a copy of the notice of removal is filed with clerk of the state court; and (3) prompt written notice has been served on the adverse parties. 28 U.S.C. §§ 1446(a), 1446(d); In re Diet Drugs, 282 F.3d 220, 231 n.6 (3d Cir. 2002); Jeffery v. Cross Country Bank, 131 F. Supp. 2d 1067, 1069 (E.D. Wis. 2001); Traynor v. O'Neil, 94 F. Supp. 2d 1016, 1023 (W.D. Wis. 2000); Wright, Miller, & Cooper, § 3737. Since Petitioner has not accomplished the second and/or third requirements, no effective removal has occurred. Since there has been no effective removal, there would be no need to remand the cases to state court. Instead, to the extent removal cannot be accomplished because there is no possible basis for jurisdiction, this case will be dismissed not remanded.

Absent good cause being shown, a criminal case must be removed before the commencement of trial or within 30 days of arraignment, whichever is earlier. 28 U.S.C. 1446(c)(1). Here, Petitioner had already been tried and convicted before filing any notice of removal. He does not allege any good cause for the delay and there is nothing to indicate that the grounds he now raises were unknown to him prior to his trial. Therefore, any attempt to remove the criminal prosecution was improper because untimely and is subject to summary dismissal under 28 U.S.C. § 1446(c)(4).[5]

---

[5]To the extent Petitioner desires to challenge his criminal conviction through federal habeas corpus proceedings in which he alleges his conviction is unconstitutional, he generally must first exhaust his state court remedies, including all

Even if the attempted removal of the criminal prosecution were not procedurally defective, it is improper because there is no basis for removal jurisdiction. The burden is on Petitioner to establish that jurisdiction is proper. In re County Collector of Winnebago County, 96 F.3d 890, 895 (7th Cir. 1996). Section 1446 provides procedures for removal. None of the provisions of § 1446, including § 1446(e),[6] provide a basis for removal jurisdiction. Weatherall v. Weatherall, 83 F. Supp. 2d 1003, 1004 (E.D. Wis. 1999). To be removable, a case must be one over which the district courts of the United States would have original jurisdiction, see 28 U.S.C. § 1141(a)-(b), or it must fall under one of specific removal provisions contained in

---

possible state appeals, before filing a federal habeas corpus petition under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b); Mahaffey v. Schomig, 294 F.3d 907, 914-15 (7th Cir. 2002), cert. denied, 123 S. Ct. 890 (2003). Also, the appropriate respondent to be named in a petition for writ of habeas corpus is the petitioner's custodian; Petitioner's ex-wife, his children, and other persons involved in the divorce proceeding are not appropriate parties in a habeas corpus proceeding. See 28 U.S.C. § 2242; Rule 2 of Rules Governing § 2254 Cases; Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996), cert. denied, 520 U.S. 1171 (1997). The document that has been filed is being construed as a notice of removal, not a petition for writ of habeas corpus.

[6]Even viewed as the procedural statute that it is, Petitioner's reliance on § 1446(e) is misplaced. The provision applies to persons in actual custody--Petitioner is not in actual custody. Section 1446(e) (which was earlier numbered as 1446(f)) applies to removed criminal cases where the accused is held in custody pending trial and permits the transfer of the accused from state custody to federal custody. See State of South Carolina v. Davidman, 250 F. Supp. 989, 991 (D.S.C. 1966); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 847 (1966) (Douglas, J., dissenting).

sections 1442 through 1444. None of those provisions apply to Petitioner's criminal case.

Section 1441 is inapplicable since it applies only to civil actions. Section 1442 is inapplicable since it is limited to suits against federal officers or agencies. Section 1442a is inapplicable since it is limited to suits against members of the United States armed forces for conduct performed under color of that office. Section 1444 is inapplicable since it is limited to foreclosure actions against the United States. Section 1443 applies to civil and criminal actions in which the defendant is deprived equal civil rights or is prevented from enforcing equal rights. Petitioner contends his civil rights were denied, such as his rights to due process and his parental rights. However, there is no contention that Petitioner has been discriminated against in the state proceedings because of his race. "Equal civil rights" and "equal rights," as used in § 1443, have been construed as being limited to laws protecting racial equality; they do not encompass other civil or constitutional rights.[7] State of Wisconsin v. Glick, 782 F.2d 670, 672 (7th Cir. 1986); People of Colorado v. Lopez, 919 F.2d 131, 132 (10th Cir. 1990); Wilkins v. Rogers, 581 F.2d 399, 403 (4th Cir. 1978); Peltier v. Peltier, 548 F.2d 1083, 1083-84

---

[7] Since the state proceedings do not satisfy the racial equality prong, it is unnecessary to consider whether they would satisfy the requirement that the rights not be adequately protected or enforced. See Lopez, 919 F.2d at 132; Weatherall, 83 F. Supp. 2d at 1004-05.

(1st Cir. 1977); Wright, Miller, & Cooper, § 3728. Since Petitioner does not allege any denial of rights related to racial equality, § 1443 cannot be a basis for removal of either the criminal prosecution or the divorce proceeding.

For the foregoing reasons, no jurisdictional or adequate procedural basis exists for removing the criminal prosecution. Even if proper removal procedures have been followed, this court would not have jurisdiction over the removal of the criminal prosecution.

As to removal of the divorce proceeding, there would appear to be procedural problems there as well. As was previously discussed, there has been no effective removal because notice has not been served on the opposing parties nor has notice been served in the state court proceeding. Also, it would appear that removal was not accomplished within 30 days of when the case purportedly became removable. See 28 U.S.C. § 1446(b). The timeliness issue, however, would only be considered if raised by an opposing party. See 28 U.S.C. § 1447(c); In re Continental Casualty Co., 29 F.3d 292 (7th Cir. 1994). Instead, removal is found to be improper because there is no jurisdictional basis for removing the divorce proceeding.

As was already discussed regarding the criminal prosecution, no basis for removal jurisdiction exists under sections 1442 through 1444. Since the divorce proceeding is a civil action, that still leaves the possibility of jurisdiction under § 1441 based on the proceeding being within the original

jurisdiction of the district court. The original action was a divorce proceeding. Any defense that Petitioner may raise regarding the denial of federal civil rights are not part of the original complaint and therefore do not provide a basis for federal jurisdiction. See Milligan v. Milligan, 484 F.2d 446, 447 (8th Cir. 1973); State of Wisconsin v. Missionaries to the Preborn, 796 F. Supp. 389, 390-91 (E.D. Wis. 1992). A divorce proceeding, including issues of child custody, are state law claims. Even assuming diversity jurisdiction would otherwise be proper, federal courts generally do not exercise diversity jurisdiction over cases involving divorce and child custody. Ankenbrandt v. Richards, 504 U.S. 689 (1992); Friedlander v. Friedlander, 149 F.3d 739, 740-41 (7th Cir. 1998); Wilkins, 581 F.2d at 403-04; Peltier, 548 F.2d at 1083-84; Milligan, 484 F.2d at 447; Anderson v. State of Nebraska, 668 F.2d 349 (8th Cir. 1981); Rotolo v. Rotolo, 682 F. Supp. 8 (D.P.R. 1988). Here, Petitioner seeks to remove the divorce and child custody proceedings themselves and directly challenges the child custody decisions that have been made in the state court. That goes to the core of the domestic relations exception. See Friedlander, 149 F.3d at 740. This court would not have original jurisdiction over 96 D 5541.

Because this court would not have removal jurisdiction under any of the jurisdictional provisions of the removal statute, 28 U.S.C. §§ 1441-44, removal would be improvident.

Since Petitioner has not yet effectively removed the case, there is no need for a remand. Instead, this case will be dismissed.[8]

The pleading that has been filed was intended to initiate the removal of state cases brought by parties other than Petitioner. It would be inappropriate to amend such a proceeding to instead be a complaint or habeas corpus proceeding brought by Petitioner.

The United States District Courts are courts of limited jurisdiction. This court may only reach the merits of lawsuits that are properly before it. The issue of whether Petitioner has been denied any constitutional right or wrongfully prevented from having contact with his children has not properly been before this court and the court has not issued any ruling regarding the merits of such contentions. The only issue that has been addressed by the court is the question of whether this court may properly exercise jurisdiction over the cases that Petitioner has attempted to remove from the Circuit Court of Cook County, Illinois. As has been discussed, removal would not be proper. Therefore, the action filed in this court will be dismissed for

---

[8]Although the case is being dismissed, the filing fee is still due and owing. Within 10 days, Petitioner shall either pay the $150.00 filing fee that is due or submit a financial affidavit supporting a request to proceed in forma pauperis. If Petitioner fails to either pay the fee or be granted leave to proceed in forma pauperis, that would be another ground for dismissing this action. The court's in forma pauperis form has been sent to Petitioner along with a copy of today's opinion. Copies of today's opinion will also be sent to the addresses shown on Petitioner's Legal Notice for Diane Glagola and Jay O'Brien, who is identified as her attorney.

lack of subject matter jurisdiction without ruling on any of the merits of Petitioner's contentions.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to dismiss this action without prejudice for lack of subject matter jurisdiction. Within 10 days from the date of today's order, Stephen Glagola shall either pay the $150.00 filing fee that is required by statute or file an application to proceed in forma pauperis.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 7, 2003